Submitted on record and briefs March 21, judgment vacated, remanded for
resentencing April 18, 1984

## STATE OF OREGON,
*Respondent,*

*v.*

## ROBERT DEWAYNE SIMPSON,
*Appellant.*

(8302-0275c; CA A29527)

680 P2d 2

Robert T. Chandler, Corvallis, filed the brief for appellant.

Dave Frohnmayer, Attorney General, James E. Mountain, Jr., Solicitor General, and Thomas H. Denney, Assistant Attorney General, Salem, filed the brief for respondent.

Before Joseph, Chief Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

.

**ROSSMAN, J.**

In this case, we are called on to decipher a sentencing order. Because we are unable to do so, we must remand for resentencing.

Defendant was convicted of driving while under the influence of intoxicants. ORS 487.540. So far, no problem. Two weeks later, defendant was sentenced. Now comes the problem. The trial court used a preprinted, checklist-style form of order. The document is labeled as "SENTENCING ORDER - PROBATION."[1] After some initial language identifying the case, its resolution, whether defendant was placed on probation, for how long, and under whose supervision, the remainder of the form is divided into five categories, identified as "conditions and terms of probation:" (1) "Fine and/or Jail;" (2) "Alcohol & Narcotics;" (3) "Miscellaneous;" (4) "Traffic;" and (5) "Special Conditions." Each category contains several boxes and/or lines for appropriate checking and filling in. A line is provided for the district judge to sign. The form concludes with a place for the defendant's signature, phone number, address and date of birth. He agrees "to abide by these conditions."

A review of the order indicates that the trial court imposed a one-year sentence with credit for time served. This would appear to be an outright sentence of incarceration, because no check marks or other entries are made in the part of the form indicating a suspension of the execution of sentence, the term of any probation or who would control or supervise probation. However, despite the absence of these provisions, many of the five categories contain check marks and other entries structuring defendant's future conduct, such as requiring him to report to a treatment program on his release from jail.

Defendant advances an array of arguments as to why the sentence is faulty. Although he acknowledges that a one-year sentence is within the maximum allowed by statute in this kind of case, he asserts that all the stacking of additional conditions makes the sentence extend beyond the allowable

---

[1] The state's brief, in a footnote, indicates that the Linn County District Court uses this form of order both for sentencing defendants and for placing them on probation.

maximum. If, in fact, it was the court's intention to give a probationary sentence, thereby authorizing the fixing of conditions and terms, the order fails to provide for the length of probation. That void creates myriad problems, including a potential conflict with the five-year time limit for probation. ORS 137.010.

We need not deal with all of defendant's claims. Suffice it to say that we agree that the sentencing order is ambiguous and susceptible of being interpreted as imposing a sentence in excess of that authorized by law. The state's brief concedes as much. Accordingly, we vacate the judgment and remand for resentencing.[2]

Judgment vacated; remanded for resentencing.

---

[2] The trial court might want to consider adopting separate forms for imposing sentence and for granting probation.